IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-252-D

| | | |
|---|---|---|
| AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS, INC., DEMOCRATIC PARTY OF OREGON, INC., PUBLIC POLICY POLLING, LLC, TEA PARTY FORWARD PAC, and WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| JEFFERSON SESSIONS, in his official capacity as Attorney General of the United States, and FEDERAL COMMUNICATIONS COMMISSION, a federal agency, | ) ) ) ) ) ) | |
| Defendants. | ) | |

On May 12, 2016, the American Association of Political Consultants, Inc., the Democratic Party of Oregon, Inc., Public Policy Polling, LLC, the Tea Party Forward PAC, and the Washington State Democratic Central Committee (collectively, "plaintiffs") sued United States Attorney General Loretta Lynch in her official capacity and the Federal Communications Commission ("the FCC") (collectively, "defendants") [D.E. 1].[1] On July 15, 2016, Loretta Lynch moved to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction [D.E. 15].

---

[1] On February 19, 2017, Jefferson Sessions assumed the position of Attorney General of the United States. A public officer's "successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).

On August 5, 2016, plaintiffs amended their complaint [D.E. 18]. Thus, defendants' motion to dismiss plaintiffs' original complaint is denied as moot.

On September 2, 2016, defendants moved to dismiss plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction [D.E. 22] and filed a memorandum in support [D.E. 23]. On September 23, 2016, plaintiffs responded [D.E. 23]. On October 7, 2016, defendants replied [D.E. 25]. As explained below, the court denies defendants' motion to dismiss.

Plaintiffs' amended complaint challenges the prohibition in 47 U.S.C. § 227(b)(1)(A)(iii) against certain automatically dialed phone calls ("the autodialing ban") because the prohibition is both a content-based restriction on protected speech and unconstitutionally underinclusive. See Am. Compl. [D.E. 18] ¶¶ 2, 36–63. The autodialing ban prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A), (b)(1)(A)(iii). The FCC is empowered to "prescribe regulations to implement" 47 U.S.C. § 227(b). See id. § 227(b)(2). In support of their argument that the autodialing ban is unconstitutional, plaintiffs cite exemptions from the ban, created by statute and FCC orders, they claim are content-based. Am. Compl. ¶¶ 22, 28–35. The statutory exemptions include calls made for emergency purposes, calls made with the express consent of the called party, or calls made to collect a debt owed to or guaranteed by the United States. See 47 U.S.C. § 227(b)(1)(A), (b)(1)(A)(iii). The FCC's regulatory exemptions include uncharged calls from a wireless carrier to its customer, uncharged package delivery notifications, non-telemarketing communications where a third party has represented to the sender that the

2

recipient has consented to the communications, emergency calls related to healthcare, certain calls related to identity theft, and calls from federal government officials conducting official business. See Telephone Consumer Protection Act of 1991, 77 Fed. Reg. 34233, 34235 (June 11, 2012) (exempting wireless carriers); In the Matter of Cargo Airline Assoc. Petition for Expedited Declaratory Ruling, 29 FCC Rcd. 3432, 3439 (Mar. 27, 2014) (exempting package delivery notifications); In the Matter of GroupMe, Inc./Skype Commc'ns S.A.R.L., 29 FCC Rcd. 3442, 3444 (Mar. 27, 2014) (exemption for third-party representation of consent); In re Rules and Regulations Implementing the Tel. Consumer Prot. Act. of 1991, 30 FCC Rcd. 7961, 8023–24, 8031 (July 10, 2015) (exempting certain calls related to healthcare and identity theft); In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278 ¶ 12 (July 5, 2016) (exempting calls made by federal officials conducting official business).

Defendants move to dismiss plaintiffs's amended complaint for lack of subject-matter jurisdiction and make two arguments. First, defendants argue that this case falls within the exclusive jurisdiction of the federal court of appeals. Second, defendants argue that plaintiffs lack standing because a favorable decision in this court could not redress plaintiffs' injuries.

Under 47 U.S.C. § 402(a), "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the [FCC] under this chapter . . . shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28," subject to some exceptions that do not apply in this case. Section 402(a) directs the court to 28 U.S.C. § 2342, which states that "[t]he court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part) or to determine the validity of . . . all final orders of the Federal Communications Commission made reviewable by" 47 U.S.C. § 402(a).

Plaintiffs do not seek to enjoin, set aside, annul, or suspend any order of the FCC. Rather,

3

plaintiffs challenge the autodialing ban in 42 U.S.C. § 277(b)(1)(A)(iii), which the FCC has interpreted and to which the FCC has defined exceptions. Although plaintiffs may argue at a later stage of this case that the FCC's orders are evidence showing the autodialing ban is content-based, they do not seek to show that the FCC's orders delineating or interpreting exceptions to the autodialing ban are void or invalid. Merely referencing FCC orders does not make the present proceeding one to enjoin, set aside, annul, or suspend those orders within the meaning of 47 U.S.C. § 402(a). Moreover, the FCC's orders carving out exemptions to the autodialing ban would not be affected by the relief plaintiffs seek. Plaintiffs seek to invalidate the autodialing ban in 42 U.S.C. § 277(b)(1)(A)(iii). The FCC's orders carve out exemptions to the autodialing ban. If the plaintiffs obtain the relief they seek in this action, the exemptions set out in the FCC's orders will be rendered unnecessary, but they will not be enjoined, set aside, annulled, or suspended. Thus, the court rejects defendants' first argument.

As for the question of redressability, defendants argue that plaintiffs' injuries are not redressable because even if the court were to find that the autodialing ban is unconstitutional, the court would have to sever the exemptions from the ban, in which case plaintiffs would still be prohibited from sending automatic messages to cellular telephones. The United States Court of Appeals for the Fourth Circuit, however, took the opposite approach in Cahaly v. Larosa, 796 F.3d 399, 402–06 (4th Cir. 2015). In Cahaly, the Fourth Circuit considered a constitutional challenge to South Carolina's anti-robocall statute, which banned automated telephone calls delivering prerecorded messages for consumer or political purposes but also carved out three exceptions based on the express or implied consent of the called party. Id. at 402. The Fourth Circuit held that the robocall ban was a content-based restriction that was unconstitutional because it could not survive strict scrutiny. Id. at 405–06. The Fourth Circuit did not sever the general ban from its exceptions.

4

Case 5:16-cv-00252-D  Document 26  Filed 03/15/17  Page 4 of 5

Rather, the Fourth Circuit affirmed the district court's order declaring the robocall statute unconstitutional and barring its enforcement. Id. at 404–06. Here, the question of plaintiffs' success on the merits and the appropriate relief is a question for another day, but as a matter of standing, this court does not lack the power to grant plaintiffs the relief they seek.

In sum, pursuant to Fed. R. Civ. P. 25(d), the court ORDERS that Jefferson Sessions in his official capacity as Attorney General of the United States, be substituted for Loretta Lynch in her official capacity as Attorney General of the United States. Defendants' motion to dismiss plaintiffs' initial complaint for lack of subject-matter jurisdiction [D.E. 15] is DENIED as moot. Defendants' motion to dismiss plaintiffs' amended complaint for lack of subject-matter jurisdiction [D.E. 22] is DENIED.

SO ORDERED. This 15 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge