UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF ) | |
| POLITICAL CONSULTANTS, INC., ) | |
| ) | |
| DEMOCRATIC PARTY OF OREGON, INC., ) | |
| ) | |
| PUBLIC POLICY POLLING, LLC, and ) | Civil Action No. 5:16-cv-00252-D |
| ) | |
| WASHINGTON STATE DEMOCRATIC ) | |
| CENTRAL COMMITTEE, ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM BARR, in his official capacity ) | |
| as Attorney General of the United States and ) | |
| ) | |
| FEDERAL COMMUNICATIONS ) | |
| COMMISSION, a federal agency, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS, INC.'S
BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

## I. INTRODUCTION

American Association of Political Consultants, Inc. ("AAPC"), Democratic Party of Oregon, Inc., Public Policy Polling, LLC, and Washington State Democratic Central Committee (collectively "Plaintiffs") successfully argued that a provision of the Telephone Consumer Protection Act ("TCPA") cellphone-call ban is a content-based restriction of speech and violates the First Amendment to the United States Constitution. Both the Fourth Circuit and the Supreme Court agreed with AAPC and severed a portion of the TCPA from that statute as unconstitutional. *See Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159 (4th Cir. 2019); *Barr v. Am.*

1

*Ass'n of Political Consultants*, No. 19-631 (U.S. July 6, 2020). As the Supreme Court plurality explained, "the First Amendment complaint at the heart of [AAPC's] suit was unequal treatment," and the Court's decision remedies AAPC's "First Amendment injury" by invalidating the provision favoring speech collecting government-backed debt. *Barr*, slip op. at 23 (plurality). AAPC now petitions the Court for an award of attorneys' fees as provided for by the Equal Access to Justice Act ("EAJA").

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are entities whose core purpose is to participate in the American political process, including by disseminating political speech in connection with federal, state, and local elections. AAPC is a bipartisan trade association of political and public affairs professionals; the Democratic Party of Oregon and Washington State Democratic Central Committee are political party organizations; and Public Policy Polling tracks public opinion on behalf of politicians and political organizations. Plaintiffs and their members make calls to discuss candidates and issues, solicit candidate donations, conduct polls on political and policy issues, encourage voters to return their ballots, and organize "get out the vote" efforts. Plaintiffs filed this suit because the TCPA's ban on certain calls and text messages to cellphones, while expressly allowing others, unconstitutionally discriminates against their political speech in violation of the First Amendment.

### A. United States District Court for the Eastern District of North Carolina.

In 2016, Plaintiffs filed this declaratory judgment action against the FCC and Attorney General. They asserted that the TCPA's cellphone-call ban violates the First Amendment and sought an injunction restraining the Government from enforcing the ban against them. In explaining why the ban is unconstitutional, Plaintiffs pointed to the various exceptions—including the government-debt exception—establishing that the cellphone-call ban discriminates between

phone calls on the basis of content and directly undermining the Government's claim that the ban advances a compelling interest.

On March 26, 2018, this Court concluded that the TCPA provision at issue is content-based and thus subject to strict scrutiny. *Am. Ass'n of Political Consultants v. Sessions*, 323 F. Supp. 3d 737 (E.D.N.C. 2018). But it held that the statute survives strict scrutiny, because in its view the restriction is narrowly tailored to the Government's interest in "residential privacy." *Id.* at 746-47. The court therefore granted summary judgment to the Government. *Id.* at 747.

    **B.**    **Fourth Circuit Court of Appeals**

The Fourth Circuit agreed with this Court and Plaintiffs that the TCPA's cellphone-call ban is content-based and thus triggers strict scrutiny. *FCC*, 923 F.3d at 170. The court explained that the cellphone-call restriction "facially distinguishes between phone calls on the basis of their content." *Id.* at 166. Specifically, whereas calls made to cellphones "'solely to collect a debt owed to or guaranteed by the United States' do *not* violate the automated call ban," calls "that deal with other subjects—such as efforts to collect a debt neither owed to nor guaranteed by the United States— … *are* prohibited by the automated call ban." *Id.* (emphasis added) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)).

The court next held that the ban "fails strict scrutiny"—and is therefore unconstitutional— because "the debt-collection exemption does not further the purpose of the automated call ban in a narrowly tailored fashion." *Id.* at 168. It noted that the exception's "expansive reach" "subverts the privacy protections underlying the ban" insofar as it "authoriz[es] many of the intrusive calls that the automated call ban was enacted to prohibit." *Id.* at 168; *see id.* (describing speech restriction as "fatally underinclusive").

The Fourth Circuit then turned to the question of remedy for the statute's unconstitutional content discrimination. The court concluded that the proper approach would be to eliminate that discrimination by "sever[ing] ... the debt-collection exemption from the balance of the automated call ban." *Id.* at 171.

### C. Supreme Court of the United States.

Unhappy with its defeat in the Fourth Circuit, the Government successfully petitioned the Supreme Court for certiorari in an effort to overturn the Fourth Circuit's ruling that the cellphone-call ban violates the First Amendment. Although Plaintiffs did not file their own petition for certiorari, they supported the Government's request for review, defended the Fourth Circuit's constitutional ruling, but argued that the more appropriate remedy would be to invalidate the entire cellphone-call ban.

On July 6, 2020, the Supreme Court agreed with Plaintiffs and affirmed the Fourth Circuit's constitutional ruling, and held the government-debt exception to the TCPA's cellphone-call ban, 47 U.S.C.S. § 227(b)(1)(A)(iii), renders the underlying cellphone-call ban a content-based restriction on speech. As a four-Justice plurality explained, echoing both lower court rulings in the case, the statute "is about as content-based as it gets"—and thus triggers strict scrutiny—because it directly discriminates against calls based on their substantive content (i.e., whether or not they advocate the collection of government-backed debt). *Barr*, slip op. at 7 (plurality opinion by Kavanaugh, J., joined by Roberts, C.J., and Thomas and Alito, J.J.). The plurality emphasized that this ruling was squarely consistent with long-settled constitutional principles: "Our decision today on [the content-based] issue fits comfortably within existing First Amendment precedent." *Id.* at 9. The plurality then emphasized that the Government itself had affirmatively *conceded* that the provision at issue would flunk strict scrutiny. *Id.* ("The Government concedes that it cannot satisfy

strict scrutiny to justify the government-debt exception."). *See also id*. at 1 (Sotomayor, J., concurring in the judgment) (agreeing that TCPA provision at issue violates First Amendment, albeit under intermediate scrutiny); *id*. at 1 (Gorsuch, J., concurring in the judgment in part and dissenting in part) (agreeing with plurality "that the provision of the [TCPA] before us violates the First Amendment").

Like the Fourth Circuit, the Supreme Court cured the constitutional violation by invalidating the government-debt exception to the TCPA and by severing this provision from the remainder of the statute and leaving the remainder of the TCPA intact. *Id*. at 12 (plurality op.). In doing so, however, the Court went out of its way to reject the notion that this remedy left Plaintiffs without relief. *Id*. at 22-23 (plurality op.). It emphasized that "the First Amendment complaint at the heart of [Plaintiffs'] suit was *unequal treatment*," and it explained that "[i]nvalidating and severing the government-debt exception fully addresses that First Amendment injury." *Id.* at 23. Seven members of the Court endorsed the plurality's remedial analysis covering these points. *See also id*. at 1 (Sotomayor, J., concurring in judgment); *id*. at 1 (Breyer, J., concurring in judgment with respect to severability).

By affirming the Fourth Circuit's ruling in its entirety, the Court thus rejected the Government's effort to overturn that provision and uphold the TCPA's constitutionality.

### III. ARGUMENT

Congress recognized that "where parties are serving a public purpose, it is unfair to ask them to finance through their tax dollars unreasonable government action and also bear the cost of vindicating their rights." H.R. Rep. No. 96-1418, 96th Cong., 2d Sess. At 10, reprinted in 1980 U.S.C.C.A.N. 4948, 4988-89. Thus, the EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition

5

to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

### A. AAPC is eligible for attorneys' fees and other expenses under the EAJA.

An applicant is eligible for attorneys' fees and other expenses under the EAJA if (1) it is a "prevailing party" in the matter; (2) it incurred the costs of litigation against the federal government; and (3) it meets applicable size or net worth requirements. 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(B). AAPC meets these standards for eligibility.

First, AAPC is a "prevailing party" under the EAJA. As the Supreme Court noted, Black's Law Dictionary defines a prevailing party as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Black's Law Dictionary (8th ed. 2004). *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). "[R]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* (quoting *Hewitt v. Helms,* 482 U.S. 755, 760 (1987)). *See also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782 (1989) (holding that a party need not prevail on all of its claims, or even on the "central issue" in the case, but only on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing the suit.").

Here, both the Fourth Circuit and the Supreme Court ruled in favor of Plaintiffs' argument that the TCPA's cellphone-call ban is a content-based restriction of speech and violates the First Amendment to the United States Constitution, and granted Plaintiffs relief by severing the government-debt exception and ensuring that all cell-phone calls are treated equally. *FCC*, 923

F.3d at 170; *Barr*, slip op. at 7. Moreover, the plurality decision's remedial analysis—which was endorsed by seven Justices—expressly rejected the notion that AAPC had obtained "no relief." *Id.* at 22. On the contrary, the plurality explained that the Court's severability ruling "fully addresses [AAPC's] First Amendment injury" by eliminating the "unequal treatment" comprising "the First Amendment complaint at the heart of their suit." *Id.* at 23.

Second, AAPC incurred costs of litigation against the FCC, an agency of the federal government. As required by the EAJA, this motion for attorneys' fees includes "the amount sought" and "an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). A declaration setting forth the qualifications of AAPC's counsel is attached as Exhibit A. *See* Exh. A. The itemized statements of AAPC's counsel are attached as Exhibits B, C, D, and E. *See* Exh. B-E.

Third, AAPC satisfies the net worth requirements of 28 U.S.C. § 2412(d)(2)(B). *See* Exh. F.

> **B. An award of fees is mandatory because the Government's position was not substantially justified and no special circumstances would make an award unjust.**
>
> **1. The Government's position was not substantially justified.**

The Government bears the burden of proving that its position was substantially justified, *EEOC v. Clay Printing Co.*, 13 F.3d 813, 815 (4th Cir. 1994), which requires it to demonstrate that its position was "justified to a degree that could satisfy a reasonable person," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To be substantially justified, "[t]he government's position must be more than merely undeserving of sanctions for frivolousness and must instead have a reasonable basis both in law and fact." *United States v. Cox*, 575 F.3d 352,

355 (4th Cir. 2009) (citation omitted) (quoting *Pierce*, 487 U.S. at 565-66) (internal quotation marks omitted). When enacting the EAJA, "it is clear that Congress intended to address governmental misconduct whether that conduct preceded litigation, compelling a private party to take legal action, or occurred in the context of an ongoing case through prosecution or defense of unreasonable positions." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138 (4th Cir. 1993).

First, the Government's unreasonableness preceded this litigation by originally enacting the debt-collection exemption to the cellphone-call ban in 2015. This is evidenced by the Fourth Circuit's decision holding that it "facially distinguishes between phone calls on the basis of their content." *FCC*, 923 F.3d at 166. Congress should have never created the debt-collection exemption, which compelled Plaintiffs to bring this lawsuit in 2016 and spend four years litigating the constitutionality of the TCPA's cellphone-call ban.

Additionally, the Government argued—even to the Supreme Court—that the debt-collection exemption to the cellphone-call ban is not a content-based restriction on speech subject to strict scrutiny. But as this Court, the Fourth Circuit, and the Supreme Court all squarely held, that contention is flatly inconsistent with settled Supreme Court precedent. *Sessions*, 323 F. Supp. 3d at 743; *FCC*, 923 F.3d at 170; *Barr*, slip op. at 7. Indeed, the plurality opinion went out of its way to emphasize that (1) the TCPA provision at issue here "is about as content-based as it gets"; (2) that conclusion "fits comfortably within existing First Amendment precedent"; and (3) the dissent's argument to the contrary is inconsistent with the Court's "longstanding precedents" and would require "overruling several of the Court's First Amendment cases, including the recent 2015 decision in *Reed v. Town of Gilbert*, 576 U.S. 155 (2016)." *Barr*, slip op. at 7, 9 & n.5. As the

Supreme Court recognized, the Government's argument that the statute is not content-based—and thus does not trigger strict scrutiny—is plainly unreasonable.

Finally, it is notable that in the Supreme Court the Government entirely *abandoned* the position it successfully urged in this Court, where it asserted that the content-discriminatory TCPA provision at issue could satisfy strict scrutiny. As the plurality decision emphasized, "[t]he Government *concedes* that it cannot satisfy strict scrutiny to justify the government-debt exception." *Id*. at 9. The Government's unwillingness to even *argue* that the TCPA satisfies strict scrutiny confirms the unreasonableness of its overall position in this case.

For all these reasons, the Government's defense of the TCPA's cellphone-call ban was not substantially justified under EAJA.

### 2. No special circumstances exist that would make an EAJA award unjust.

The EAJA precludes an award of fees if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving the existence of special circumstances that would make a fee award unjust. This "special circumstances" exception to awarding fees was intended as a "safety valve" to allow the government to advance "novel but credible" legal theories and to give courts discretion to deny awards for equitable considerations. *Nken v. Holder*, 385 F. App'x. 299, 302 (4th Cir. 2010) (quoting H.R. Rep. No. 96-1418, at 11 (1980)). This provision of the EAJA is to be narrowly construed so as to not interfere with or defeat Congress's purpose in passing the EAJA. *See Martin v. Heckler*, 773 F.2d 1145, 1149 (11th Cir. 1985). In this case, there is no existence of any special circumstances that would make an award of attorneys' fees unjust.

### 3. The amount of the requested award is reasonable.

The EAJA requires a court to award "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id*. at 435.

Here, AAPC seeks compensation for its winning legal theory that the TCPA's cellphone-call ban is a content-based restriction of speech and violates the First Amendment to the United States Constitution. Both the Fourth Circuit Court of Appeals and the Supreme Court agreed with AAPC and severed a portion of the TCPA from that statute as unconstitutional, and the Supreme Court emphasized that this remedy ruling "fully addresses [AAPC's] First Amendment injury" and eliminates the "unequal treatment" comprising "the First Amendment complaint at the heart of their suit." *Barr*, slip op. at 23. In these circumstances a full fee award is warranted.

### a. The hours spent were reasonable.

AAPC requests compensation for a total 1,588.75 hours spent on the district court litigation, appeal to the Fourth Circuit, and appeal to the Supreme Court. The itemized statements of AAPC's counsel are attached as Exhibits B, C, D, and E. *See* Exh. B-E. As stated in the declarations, counsel has contemporaneously maintained accurate records of time spent and expenses incurred in the matter. They have also carefully reviewed their time and have exercised billing judgment with regard to the time claimed. This satisfies AAPC's burden of justifying the reasonableness of the hours claimed. *Hensley*, 461 U.S. at 437. The Court should find that the

amount of the fee request is facially reasonable and commensurate with the success of the litigation and the relief obtained.

### b. The rates requested by AAPC are reasonable.

EAJA fees are based upon "prevailing market rates for the kind and quality of the services furnished, except … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Fourth Circuit recognizes cost of living increases for attorneys' fees. *See Sullivan v. Sullivan*, 958 F.2d 574, 577 (4th Cir. 1992). Indeed, the court for the District of South Carolina recently granted an award of attorneys' fees under the EAJA at a rate of $207.63 per hour, "pursuant to the court's authority to raise the statutory maximum billing rate in conjunction with the consumer price index." *Lewis v. Saul*, No. 2:19-cv-00058-DCN, 2020 U.S. Dist. LEXIS 104510, at *6 (D.S.C. June 16, 2020).

All attorneys and paralegals retained by AAPC normally charge significantly more than $125 per hour based on experience and expertise. *See* Exh. A. AAPC respectfully requests an attorneys' fee award of $207.63 per hour as permitted by the EAJA adjusted for inflation based on the cost of living for the hourly billing rate by calculating the increase in cost of living according to the Consumer Price Index. 28 U.S.C. § 2412(d)(2)(A)(ii).

Therefore, based on the total number of hours spent and the amount per hour, AAPC requests an award of attorneys' fees of $331,652.60.

## IV. CONCLUSION

For the foregoing reasons, AAPC requests that the Court grant this motion for attorneys' fees in the amount of $331,652.60.

Dated: August 4, 2020                  Respectfully Submitted,

/s/ *Charles George*

WYRICK ROBBINS YATES & PONTON LLP
Charles George, NC #21003
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: (919) 781-4000
Facsimile: (919) 781-4865
Email: cgeorge@wyrick.com

-and-

COPILEVITZ, LAM & RANEY, P.C.
William E. Raney, MO #46954 (*Pro hac vice*)
Kellie Mitchell Bubeck, MO #65573 (*Pro hac vice*)
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000
Email: braney@clrkc.com
       kbubeck@clrkc.com

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following parties via the Court's CM/ECF electronic filing system, or if the party does not participate in Notice of Electronic Filing, via U.S. mail, postage prepaid, on this 4th day of August 2020, to:

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Civil Process Clerk
Office of the United States Attorney
Eastern District of North Carolina
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, North Carolina 27601-1461

                                              /s/ *Charles George*
                                              Charles George